UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

ANNETTE PIERCE,

        Plaintiff,

   v.

SPROUTS CAFÉ INC. and DOES ONE THROUGH FIFTY, inclusive,

        Defendants.

_____/

NO. CIV. S-09-3002 FCD/DAD

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on defendant Sprouts Café Inc.'s ("defendant") motion to amend its answer and for sanctions against plaintiff's counsel pursuant to 28 U.S.C. § 1927 based on counsel's failure to stipulate to the requested amendment.[1] Defendant does not cite any procedural basis for its motion. Because a scheduling order is in place, Federal Rule of Civil Procedure 16(b) governs, and the court considers defendant's motion under that standard. Plaintiff opposes the motion.

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. L.R. 230(g).

1

1  The court's Status (Pretrial Scheduling) Order provides:
2  "No further joinder of parties or amendments to pleadings is
3  permitted without leave of court, good cause having been shown."
4  (Docket #11, filed Dec. 29, 2009.)  Once the court has entered a
5  pretrial scheduling order, the standards of Rule 16 rather than
6  Rule 15 govern amendment of the pleadings.  See Johnson v.
7  Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992);
8  Eckert Cold Storage, Inc. v. Behl, 943 F. Supp. 1230, 1232-33
9  (E.D. Cal. 1996).

10  A scheduling order is not "a frivolous piece of paper, idly
11  entered, which can be cavalierly disregarded by counsel without
12  peril."  Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141
13  (D. Me. 1985).  The pretrial scheduling order is designed to
14  allow the district court to better manage its calendar and to
15  facilitate more efficient disposition of cases by settlement or
16  by trial.  See Mammoth Recreations, 975 F.2d at 610-11; Fed. R.
17  Civ. P. 16 advisory committee notes (1983 amendment).

18  Orders entered before the final pretrial conference may be
19  modified only "upon a showing of good cause."  Fed. R. Civ. P.
20  16(b).  The good cause requirement of Rule 16 primarily considers
21  the diligence of the party seeking the amendment.  The pretrial
22  scheduling order can only be modified "if it cannot reasonably be
23  met despite the diligence of the party seeking the extension."
24  Mammoth Recreations, 975 F.2d at 609.

25  When evaluating whether a party was diligent, the Ninth
26  Circuit has determined that "the focus of the inquiry is upon the
27  moving party's reasons for modification.  If that party was not
28  diligent, the inquiry should end."  Id. at 610; see also

1  Gestetner, 108 F.R.D. at 141.
2       When the proposed modification is an amendment to the
3  pleadings, the moving party may establish good cause by showing
4  "(1) that [he or she] was diligent in assisting the court in
5  creating a workable Rule 16 order; (2) that [his or her]
6  noncompliance with a rule 16 deadline occurred or will occur,
7  notwithstanding [his or her] diligent efforts to comply, because
8  of the development of matters which could not have been
9  reasonably foreseen or anticipated at the time of the Rule 16
10 scheduling conference; and (3) that [he or she] was diligent in
11 seeking amendment of the Rule 16 order, once it became apparent
12 that [he or she] could not comply with the order." Jackson v.
13 Laureate, Inc., 186 F.R.D. 605, 608 (E.D. Cal. 1999)(citations
14 omitted).
15      Only after the moving party has demonstrated diligence under
16 Rule 16 does the court apply the standard under Rule 15 to
17 determine whether the amendment was proper. See Mammoth
18 Recreations, 975 F.2d at 608; Eckert Cold Storage, 943 F. Supp.
19 at 1232 n.3.
20      Here, defendant has diligently sought the instant amendment
21 of its answer. Jackson, 186 F.R.D. at 608. After conducting
22 certain discovery, including the taking of plaintiff's
23 deposition, defendant sought to clarify its position with respect
24 to removal of the alleged architectural barriers at its facility.
25 Specifically, defendant informed plaintiff that it no longer
26 claimed that the removal of any alleged barriers was too costly,
27 but rather it believed that either (1) no legal barriers existed
28 or (2) that any removal was not "readily achievable" (and thus,

3

required) since the barriers did not fall within relevant statutory provisions. In April and May 2010, the parties discussed a stipulation permitting defendant's proposed amendment of its answer, but ultimately they could not agree on its terms. Defendant promptly filed the instant motion in June 2010. (Docket #31.)

By the motion, defendant seeks to amend its answer with respect to the issue of the feasibility of the barriers' removal, if any, as set forth above, and to (1) add a defense of a failure to provide defendant with the requisite notices under state law and (2) to remove its affirmative defenses of violation of the statute of limitations[2] and failure to exhaust administrative remedies. (Docket #31-2 at 2.) Contrary to plaintiff's protestations, these amendments clarify defendant's positions in the case and streamline the issues, thus serving the interests of justice. Fed. R. Civ. P. 15(a)(2) (requiring that leave to amend be freely given where justice so requires). How these amendments impact further discovery in the case is not at issue on this motion. To the extent plaintiff challenges defendant's previously provided or future discovery responses, she can file a motion to compel with the assigned magistrate judge on those issues.

---

[2] Defendant moves to amend to, in part, remove its defense of a violation of the statute of limitations. (Docket #31-2 at 2:21.) However, in the proposed amended answer, filed in conjunction with the motion, defendant asserts that defense as its fifteenth affirmative defense. (Docket #31-1.) The court construes this as an oversight and directs defendant to delete that defense upon filing and serving its amended answer pursuant to this order.

4

While the court grants defendant's motion to amend its answer, it cannot grant an award of fees to defendant.[3]  Section 1927 allows the court to award fees against "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously."  28 U.S.C. § 1927.  However, the Ninth Circuit has cautioned that "[s]anctions [under Section 1927] should be reserved for the 'rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose.'"  <u>Primus Auto. Fin. Servs., Inc. v. Batarse</u>, 115 F.3d 644, 649 (9th Cir. 1997) (quoting <u>Operating Eng'rs Pension Trust v. A-C Co.</u>, 859 F.2d 1336, 1344 (9th Cir. 1988)).  Such is clearly *not* the case here.  While the parties discussed a stipulation to permit amendment of the answer, under the court's scheduling order leave of court, upon a finding of good cause, was necessary to permit the amendment.  Defendant was required to file the instant motion with the court, and thus, plaintiff's counsel's failure to agree to the amendment is not legally unreasonable or frivolous conduct.  Moreover, based on plaintiff's opposition to the instant motion, the court cannot find plaintiff's arguments legally untenable.  While plaintiff does not prevail on the motion, her arguments in opposition are not frivolous.  Accordingly, there are no grounds to award sanctions under Section 1927.

---

[3] Defendant requests an award of fees as sanctions in the amount of $1,250.00, representing the costs incurred in bringing the motion to amend.

1      Defendant's motion to amend its answer is GRANTED.
2 Defendant shall file and serve its amended answer in accordance
3 with this order within 15 days.
4      IT IS SO ORDERED.
5 DATED: August 3, 2010

```
                              _____
                              FRANK C. DAMRELL, JR.
                              UNITED STATES DISTRICT JUDGE
```